The Honorable Ron Fuller State Representative #18 Corporate Drive Suite 201 Little Rock, Arkansas 72205
Dear Representative Fuller:
This is in response to your request for an opinion regarding the authority of the State of Arkansas to place the Sunday Mixed Drink Sales option on the national primary ballot, that is, the "Super Tuesday" ballot.
It is my opinion that an effort to place this issue on the preferential presidential primary election ballot must fail. This conclusion is based upon legislative intend discerned from Act 123 of 1987, as amended by Act 28 of the first Extraordinary Session of 1987, the acts governing the preferential presidential primary election. This is a required election, scheduled for the second Tuesday in March in each presidential election year. See Section 2 of Act 123. The texts of Act 123 and Act 28 of the special session clearly indicate that the legislature envisions these enactments as a means of apportioning Arkansas delegates to the national nominating convention. Section 4(a) states have qualified "by meeting the requirements of the political party on whose ballot the candidate wishes to appear"; and it addresses "the order in which the names of the candidates shall appear on the ballot." See Section 4(a) of Act
The purpose of the ballot in this election is thus clear. Section 6 of Act 123, as amended by Section 3 of Act 28, offers further indication that the ballot of each party is specifically designed to contain the candidates' names. This Section sets out the required form of each ballot, stating in pertinent part as follows:
 The ballot shall be prepared substantially in the following form, to instruct electors in casting their votes:
 `The following persons are seeking nomination by the Party for the Office of the President of the United States. Indicate the vote of your preference by voting for either (a) one of the candidates listed below, or, (b) "uncommitted." (Cast only one vote since casting more than one vote will invalidate your ballot.)'
Any attempt to alter the form of the ballot in this election would, therefore, arguably be in contravention of Acts 123 of 1987 and Act 28 of the first Extraordinary Session of 1987. While one may contend that these Acts do not on their face preclude the inclusion of particular issues on the ballot, the required form of the ballot belies this contention.
It must be concluded based upon the foregoing that a Sunday Mixed Drink Sales option may not be placed on the preferential presidential primary election ballot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.